Kathryn L. Bain, State Bar No. 15496
BAIN MAZZA & DEBSKI LLP
10300 W. Charleston Blvd., Ste. 13-191
Las Vegas, NV 89135
Telephone: (702) 919-1090
Fax: (650) 763-3933
kbain@bmdlegal.com

Attorneys for Plaintiff
GEORGE WINBUSH

Sheri M. Thome, Esq.
Nevada Bar No. 008657
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
*Attorney for Defendant*
*Xtreme Manufacturing, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE WINBUSH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>XTREME MANUFACTURING, LLC, a limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-2501<br><br><br>**STIPULATION AND ORDER FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

-1-

Pursuant to FRCP 15(a)(2), Plaintiff George Winbush ("Plaintiff") and Defendant Xtreme Manufacturing, LLC ("Defendant"), by and through their respective counsel of record, hereby request and stipulate for leave to allow Plaintiff to file a Second Amended Complaint, in the form attached hereto as Exhibit A, without further motion or order of the Court.

The Second Amended Complaint includes one addition to the factual allegations in order to address concerns raised in Defendant's Partial Motion to Dismiss (ECF No. 9). Specifically, the Second Amended Complaint adds the following sentence to the end of paragraph 17: "Moreover, to Mr. Winbush's knowledge, the only other black machinist was also laid off a month after he was, and the machinists not selected for lay off were of other races (not black)."

The filing of the Second Amended Complaint will alleviate the need for further motion practice and will not cause any delays to discovery. Defendant shall respond to the Second Amended Complaint within 14 days of its filing.

This stipulation is entered into in good faith and for the purpose of promoting judicial efficiency.

**IT IS SO STIPULATED.**

|  |  |
|---|---|
| | BAIN MAZZA & DEBSKI LLP |
| | */s/ Kathryn L. Bain* |
| Dated: February 11, 2026 | ———————————————— |
| | Kathryn L. Bain |
| | Attorney for Plaintiff |
| | George Winbush |
| | |
| | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| | */s/ Sheri M. Thome* |
| Dated: February 11, 2026 | ———————————————— |
| | Sheri M. Thome |
| | Attorney for Dedendant |
| | Xtreme Manufacturing, LLC |

**IT IS SO ORDERED**:

———————————————————
UNITED STATES MAGISTRATE JUDGE

DATED:  February 12, 2026

-2-

-3-

# Exhibit A

Kathryn L. Bain, State Bar No. 15496
BAIN MAZZA & DEBSKI LLP
10300 W. Charleston Blvd., Ste. 13-191
Las Vegas, NV 89135
Telephone: (702) 919-1090
Fax: (650) 763-3933
kbain@bmdlegal.com

Attorneys for Plaintiff
GEORGE WINBUSH

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE WINBUSH, an individual,<br><br>              Plaintiff,<br><br>      vs.<br><br>XTREME MANUFACTURING, LLC, a limited liability company, and DOES 1-50, inclusive,<br><br>              Defendants. | Case No. 2:25-cv-2501<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br><br>  (1)  RACIAL HARASSMENT<br>  (2)  RACE DISCRIMINATION<br>  (3)  RETALIATION<br>  (4)  RACE DISCRIMINATION IN VIOLATION OF 42 USC § 1981<br><br>**JURY TRIAL DEMANDED** |

-1-

SECOND AMENDED COMPLAINT FOR DAMAGES                            Case No. 2:25-cv-2501

Plaintiff alleges as follows:

**THE PARTIES**

1.     Plaintiff GEORGE WINBUSH (hereinafter "Plaintiff" or "Mr. Winbush") is, and at all times herein mentioned was, an adult individual residing in Clark County, in the State of Nevada.

2.     Plaintiff was formerly employed by Defendant XTREME MANUFACTURING, LLC, a limited liability company (hereinafter "Defendant" or "Xtreme").

3.     Plaintiff is informed and believes and thereon alleges that Xtreme was at all times relevant herein a corporation doing business in the state of Nevada in Clark County. Xtreme is an "employer" as that term is defined under Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000(e), and Nevada Revised Statutes 613.310 et seq.

4.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names.  Plaintiff is informed and believes and thereon alleges that said Defendants are in some manner legally responsible for the activities and damages alleged herein.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was acting as the partner, agent, servant, and employee of each of the remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

**JURISDICTION**

6.      This is an action for damages brought by Plaintiff under Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000(e)), the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), Nevada Revised Statutes 613.310 et seq., and for other claims brought pursuant to common law and the Nevada Revised Statutes as outlined below.

7.     This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. section 1331 (federal question), 29 U.S.C. section 2601 et seq. (federal question), and 28 U.S.C. section 1343(a)(4) (civil rights action). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. section 1367.

-2-

8.   All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. section 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.   On or about June 16, 2025, Plaintiff filed a Charge of Discrimination against Plaintiff's employer, the Defendant named in this action, with the Equal Employment Opportunity Commission (EEOC).

10.   On or about November 18, 2025, Plaintiff received a "Right to Sue" letter from the EEOC.

11.   Plaintiff has exhausted administrative remedies by timely filing a complaint with the EEOC and receiving a "Right to Sue" letter.

## GENERAL ALLEGATIONS

12.   Mr. Winbush began his employment with Xtreme on December 1, 2022, as a CNC Machinist. During the course of his employment, he had a number of disturbing interactions with Production Supervisor David Butler early on. Mr. Butler made several inappropriate racial comments, such as stating that he had been pulled over while driving by an African American female police officer, and stated, "you know how Black women are, they are really aggressive." Mr. Winbush is Black and understandably found this comment to be inappropriate and racist.  Mr. Butler also made demeaning comments about the way Black people voted, which Mr. Winbush was also offended by. However, because Mr. Butler also discussed his guns and being a gun owner on a regular basis, Mr. Winbush was hesitant to report the behavior and instead tried to ignore it.

13.   On September 18, 2024, Mr. Winbush was talking to his colleague, who happened to be a white woman. Mr. Butler interrupted the conversation and said to the colleague, "If this Black man is bothering you, I can take him outside and hang him from a tree." Mr. Winbush was in shock and did not initially respond. A few minutes later, Mr. Butler had gone into the office and called Mr. Winbush's cell phone from the office with two other managers present. Mr. Butler stated to Mr. Winbush on the call that if Mr. Winbush did not finish his paperwork, Mr. Butler was going to "take [him] out back and hang [him]." Mr. Butler then repeated his statement a second time, with numerous witnesses present. Mr. Winbush responded that Mr. Butler was racist and ended the call. He could see Mr. Butler laughing in the office.

-3-

14. Following the call, Mr. Butler approached Mr. Winbush to tell him he did not mean any harm with his statements. Mr. Winbush responded that the comments were extremely offensive and racist. Mr. Butler responded, "I'm just messing with you buddy." That evening, Mr. Winbush made a written complaint regarding Mr. Butler's comments to Manager Gabriel Ocasta, who was in the office and heard the comments made on the phone first-hand. He also copied HR Representative Robert Ramirez. Vice President of Human Resources Greg Brown responded and stated he would investigate the allegations.

15. On September 20, 2025, Mr. Winbush met with Mr. Brown, Mr. Ramirez, and Mr. Ocasta, and Mr. Brown asked him how he wanted Xtreme to handle the issue. Mr. Winbush found it inappropriate that he was asked to decide what the Company should do about Mr. Butler's comments. Mr. Winbush told Mr. Brown he was not comfortable doing so, following up with an email.

16. A few days later, Mr. Winbush was informed that Mr. Butler was allegedly no longer with the company. However, he later heard from colleagues that Mr. Butler had been invited to and attended the company Christmas party in December 2024.

17. On January 7, 2025, Mr. Winbush was informed that he was being laid off, effective immediately. He was offered no severance and was one of three machinists laid off out of 15. Mr. Winbush had more seniority than the 12 remaining machinists, several of whom had very recently been hired and were still being trained by Mr. Winbush. Moreover, to Mr. Winbush's knowledge, the only other black machinist was also laid off a month after he was, and the machinists not selected for lay off were of other races (not black).

18. The timing of Mr. Winbush's layoff and his selection when there were far less qualified and less senior employees who could have been impacted creates a strong inference of retaliation for his harassment complaint. Mr. Winbush's performance reviews were all positive, with the most recent one recommending he receive a pay increase.

19. Mr. Winbush has experienced and continues to experience significant emotional distress as a result of the harassment he experienced, in addition to wage loss and financial concerns due to the unexpected loss of his job.

//

//

-4-

SECOND AMENDED COMPLAINT FOR DAMAGES                                    Case No. 2:25-cv-2501

**FIRST CAUSE OF ACTION**
**RACIAL HARASSMENT**
**VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.**
**AGAINST ALL DEFENDANTS**

20.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

21.     Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

22.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting harassment based on race.

23.     Defendants harassed Plaintiff on the basis of his race.

24.     The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of his race.

25.     At all relevant times, Defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified, and participated in the harassment.

26.     Defendants' actions have directly and proximately caused damage to Plaintiff.

27.     By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

28.     As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

29.     Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

30.     Plaintiff has engaged attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

-5-

31.     The Defendants' acts were malicious, oppressive, or in reckless disregard of Plaintiff's rights, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

### SECOND CAUSE OF ACTION
### RACE DISCRIMINATION
### VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.
### AGAINST ALL DEFENDANTS

32.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

33.     Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

34.     Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race.

35.     Defendants discriminated against Plaintiff on the basis of his race.

36.     The effect of the above actions and omissions has been to deprive Plaintiff of equal employment opportunities, promotions, and otherwise adversely affect Plaintiff's status as an employee because of his race.

37.     At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.

38.     Defendants' actions have directly and proximately caused damage to Plaintiff.

39.     By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

40.     As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

-6-

SECOND AMENDED COMPLAINT FOR DAMAGES                    Case No. 2:25-cv-2501

Case 2:25-cv-02501-APG-BNW    Document 14    Filed 02/12/26    Page 11 of 14

41.     Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

42.     Plaintiff has engaged attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

43.     The Defendants' acts were malicious, oppressive, or in reckless disregard of Plaintiff's rights, with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

### THIRD CAUSE OF ACTION
### RETALIATION
### VIOLATION OF 42 U.S.C. 2000e et seq. and NRS 613.310 et seq.
### AGAINST ALL DEFENDANTS

44.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

45.     Plaintiff was an employee of Defendants at the time when the above-described conduct occurred.

46.     By doing the acts alleged herein, Defendants committed the unlawful employment practice of retaliating against Plaintiff for his complaints and protected activity, as alleged above.

47.     Defendants had an affirmative duty not to harass, discriminate against, or retaliate against Plaintiff in the terms and conditions of his employment on the basis of his race or his opposition to practices he reasonably believed to be prohibited by law.

48.     Employees in comparable positions who did not complain of harassment or discrimination were not subjected to the same negative and hostile behavior by Defendants.

49.     At all relevant times, Defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified, and participated in the retaliation.

50.     Defendants' actions have directly and proximately caused damage to Plaintiff.

-7-

SECOND AMENDED COMPLAINT FOR DAMAGES                    Case No. 2:25-cv-2501

51.     By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

52.     As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

53.     Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

54.     Plaintiff has engaged attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

55.     The Defendants' acts were malicious, oppressive, or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

**FOURTH CAUSE OF ACTION**
**DISCRIMINATION**
**VIOLATION OF 42 U.S.C. 1981**
**AGAINST ALL DEFENDANTS**

56.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

57.     This claim is for discrimination on the basis of race under 42 U.S.C. § 1981.

58.     Plaintiff is Black (African American).

59.     Plaintiff satisfactorily performed all of his job duties.

60.     Defendant discriminated against Plaintiff by: subjecting him to racist comments, subjecting him to differing terms and conditions of employment, and terminating his employment.

61.     Defendant's termination of Plaintiff's employment was unwarranted and discriminatory.

-8-

SECOND AMENDED COMPLAINT FOR DAMAGES                              Case No. 2:25-cv-2501

62. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights and working conditions as white employees, in the performance, enjoyment, continuation, and all benefits and privileges of his employment relationship with Defendant in violation of section 1981.

63. Defendants' actions have directly and proximately caused damage to Plaintiff.

64. By reason of the conduct of Defendants, and each of them as alleged herein, Plaintiff has sustained, and will continue to incur, economic damages to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

65. As a further result of Defendants' and each of their actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Defendants' conduct was a substantial factor in causing such harm to Plaintiff.

66. Plaintiff will continue to expend sums in the future for the treatment of the emotional and mental injuries sustained by Plaintiff as a result of Defendants' actions, in an amount to be ascertained at the time of trial.

67. Plaintiff has engaged attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

68. The Defendants' acts were malicious, oppressive, or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages according to proof, however, no less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof, however, no less than the jurisdictional limit of this court;

3. For exemplary and punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

-9-

SECOND AMENDED COMPLAINT FOR DAMAGES                                    Case No. 2:25-cv-2501

5. For interest as provided by law;

6. For statutory penalties as provided by law;

7. For costs of suit incurred herein;

8. For injunctive and/or declaratory relief; and

9. For such other and further relief as the Court deems fair and just.

Jury trial demanded.

Dated: February 11, 2026                        BAIN MAZZA & DEBSKI LLP

                                                */s/ Kathryn L. Bain*

                                                _____
                                                Kathryn L. Bain
                                                Attorney for Plaintiff
                                                George Winbush

-10-

SECOND AMENDED COMPLAINT FOR DAMAGES                        Case No. 2:25-cv-2501